UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS W. JACKSON, DDS,

        Plaintiff,

VS.                                                           Case No.

MHM SERVICES INC, d/b/a
CENTURION DETENTION HEALTH
SERVICES, LLC.,

        Defendant.

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO: THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO:**

PLEASE TAKE NOTICE that MHM Health Professionals, LLC ("Defendant") incorrectly named as "MHM Services, Inc. d/b/a Centurion Detention Health Services, LLC," hereby removes the above-entitled action from the Thirteenth Judicial District Court, Valencia County, New Mexico, to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  As grounds for removal, Defendant states as follows:

1. On May 15, 2020, Dennis W. Jackson, DDS ("Plaintiff") filed his Complaint for Damages in the action *Dennis W. Jackson, DDS v. MHM Services Inc., d/b/a Centurion Detention Health Services, LLC.,* in the Thirteenth Judicial District Court, Valencia County, New Mexico, Case No. D-1314-CV-2020-00476 (the "Complaint" filed in the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. On June 9, 2020, Plaintiff served the Complaint on the incorrectly named entity "MHM Services, Inc. d/b/a Centurion Detention Health Services, LLC."  A true and correct copy

of all filings received by Defendant in the State Court Action in addition to the Complaint is attached hereto as **Exhibit 2**. This notice of removal is timely because it is within 30 days of service of the Complaint. 28 U.S.C. § 1446.

3. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY OF THE PARTIES

4. Plaintiff is now, and was at the time this action commenced, domiciled in the state of New Mexico. *See* Complaint (**Exhibit 1**) at ¶ 2 (alleging "Plaintiff is a resident of Bernalillo County, New Mexico.").

5. Complete diversity of citizenship exists between the Plaintiff and the Defendant. Complete diversity of citizenship exists between the Plaintiff and the proper Defendant MHM Health Professionals, LLC. Complete diversity would also exist between Plaintiff and the incorrectly named entities "MHM Services, Inc. d/b/a Centurion Detention Health Services, LLC."

6. **Complete diversity exists with the proper entity:** Plaintiff has sued for employment discrimination and employment retaliation. *See* **Exhibit 1**. The entity that employed Plaintiff is MHM Health Professionals, LLC, not the incorrectly named "MHM Services, Inc. d/b/a Centurion Detention Health Services, LLC." *See* Declaration of Jan Millard, attached as **Exhibit 3**.[1] Citizenship of a limited liability company is determined by the citizenship of the members of the limited liability company. *E.g., Siloam Springs Hotel, LLC v. Century Sur. Co.,* 781 F. 3d

---

[1] Plaintiff filed an EEOC Charge against "MHM Services Inc. (aka Centurion)." Defendant responded as MHM Health Professionals, LLC and explained the "Charging Party inaccurately brings this charge against 'MHM Services Inc. (aka Centurion).' His employer was MHM Health Professionals, LLC."

2

1233 (10th Cir. 2015). MHM Health Professionals, LLC's sole member also is MHM Services, Inc. *See* **Exhibit 3**. MHM Services, Inc. is organized under the laws of Delaware and its principal place of business is located in Vienna, Virginia. *Id***.** To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*. MHM Services, Inc.'s headquarters and corporate offices are located in Virginia, which is where its officers and directors perform the company's executive and administrative functions. *See* **Exhibit 3**. Based on the foregoing, its principal place of business is Virginia. Thus, MHM Services, Inc. is a citizen of Delaware and Virginia for diversity purposes. Therefore, MHM Health Professionals, LLC is likewise a citizen of Delaware and Virginia for diversity purposes. Removal is proper because complete diversity exists between the Plaintiff and the proper entity.

7. **Complete diversity exists with the incorrectly named entity:** Plaintiff named the incorrect entity "MHM Services, Inc. d/b/a Centurion Detention Health Services, LLC" as the Defendant in this case. *See* **Exhibit 1**. MHM Services, Inc. has no employees and did not employ Plaintiff. *See* **Exhibit 3.** As set forth above, MHM Services, Inc. is a citizen of Delaware and Virginia for purposes of diversity. MHM Services, Inc. does not do business as Centurion Detention Health Services, LLC. *Id***.** Centurion Detention Health Services, LLC's sole member is Centurion, LLC. *Id***.** Centurion LLC's sole member is MHM Services, Inc. *Id***.** Again, MHM Services, Inc. is a citizen of Delaware and Virginia for purposes of diversity. Therefore, even if the Court were to consider the citizenship of the incorrectly named entities, complete diversity would still exist and removal is proper.

8.     Based on the foregoing, there is complete diversity between Plaintiff and the proper entity (MHM Health Professionals, LLC), and none of the incorrectly named entities ("MHM Services, Inc. d/b/a Centurion Detention Health Services, LLC") would destroy diversity.

## AMOUNT IN CONTROVERSY

9.     The amount in controversy is determined not by looking at how much Plaintiff says he will recover or is *likely* to recover, but by considering the amount his allegations suggest she *might* lawfully recover. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016). This Notice need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to pass muster. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). Each category of damages claimed by Plaintiff is included for purposes of calculating the amount in controversy. *See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (punitive damages may be included in calculating the amount in controversy).

10.    Plaintiff's Complaint alleges that, as a result of Defendant's alleged conduct, he has suffered damages that include lost wages, pension, and other benefits all of which might possibly be recovered under the claim Plaintiff asserts. Plaintiff earned approximately $103.29 per hour (an annual rate of approximately $214,843), plus benefits. *See* **Exhibit 3**. Plaintiff was employed from June 1, 2016 to November 26, 2019. *See* **Exhibit 3**.

11.    While Defendant denies that Plaintiff is entitled to any relief, based on the damages Plaintiff seeks in his Complaint, the amount in controversy exceeds the sum of $75,000 because the allegations in Plaintiff's Complaint reflect that he could potentially recover much more than that amount, including punitive damages. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (defendant must only demonstrate jurisdictional facts that make it "possible" that the

4

amount in controversy is satisfied).  Plaintiff alleges Defendant terminated his employment due to discrimination based on race and in retaliation for opposing discrimination.  Plaintiff seeks compensatory damages for all earnings he would have received, including wages, pension, and other benefits, as well as compensatory damages for mental anguish and humiliation.  In light of Plaintiff's annual earnings, Plaintiff's claimed damages exceed $75,000.  Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## VENUE

12. This action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Valencia County, New Mexico, which lies within this District.

## NOTICE

13. A Notice to Adverse Party of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. §1446(d), and a copy is attached as **Exhibit 4**.

14. A Notice to State Court of Removal to Federal Court is being filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached as **Exhibit 5**.

DATED this 8th day of July, 2020.

    Respectfully Submitted,

    LITTLER MENDELSON, P.C.

    *s/ R. Shawn Oller*
    R. Shawn Oller (N.M. Bar No.019233)
    soller@littler.com
    Josh L. Waltman (AZ Bar No. 023874)
    *Pro Hac Vice* Forthcoming
    jlwaltman@littler.com
    Camelback Esplanade
    2425 East Camelback Road. Suite 900
    Phoenix, AZ  85016

        602.474.3600 (Telephone)
        602.957.1801 (Facsimile)

        ATTORNEYS FOR DEFENDANT

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and emailed a copy of same to any non-registrants this 8th day of July, 2020:

Donald G. Gilpin
Christopher P. Machin
THE GILPIN LAW FIRM, LLC
6100 Indian School Road, NE, Ste. 115
Albuquerque, NM 87110-4180
Attorneys for Plaintiff
ggd48@aol.com
cmachin@thegilpinlawfirm.com


*/s/ Sara Jurecki*
4811-3402-9504.2 082220.1055